IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

J & J SPORTS PRODUCTIONS, INC.                                                PLAINTIFF

v.                      Case No. 6:18-cv-06038

NILESH DALAL                                                                   DEFENDANT

ORDER

Before the Court is Plaintiff's Motion for Attorney Fees and Costs. (ECF No. 34.) Defendant has responded to the Motion (ECF No. 36), and Plaintiff has replied (ECF No. 41). This matter is ripe for consideration.

Plaintiff J & J Sports Productions, Inc. filed this action for damages against Defendant Nilesh Dalal alleging the willful and unlawful interception and exhibition of a satellite transmission for the purposes of direct or indirect commercial advantage and/or private financial gain in violation of Title 47 U.S.C. Section 605, *et seq*.[1] The Court held a bench trial on June 21, 2019 in Hot Springs, Arkansas. After consideration, the Court granted judgment in favor of Plaintiff and awarded damages in the amount of $6,000. (Findings of Fact and Conclusions of Law, June 26, 2019, ECF No. 32.) Plaintiff now requests attorney's fees and costs.

Under 47 U.S.C. § 605, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to aggrieved party who prevails." 47 U.S.C.

---

[1] Plaintiff's Complaint also claims damages pursuant to 47 U.S.C. Section 553, *et seq*. (Compl. ¶¶23-27, April 30, 2018, ECF No. 1). During the bench trial of this matter, Plaintiff elected to proceed under 47 U.S.C. §605, *et seq*.

1

§605(e)(3)(B)(iii). As Plaintiff is the prevailing party, the statutory language requires the Court to award full costs, including a reasonable attorney's fee.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary…" *Id*. Plaintiff has submitted evidence documenting with specificity the number of hours worked and the reasonableness of the rates claimed (Decl. of Pl.'s Counsel, July 26, 2019, ECF 34-1). Plaintiff requests fees in the amount of $23,248.00 and costs totaling $3,974.08.

Defendant objects to the amounts requested on the grounds that the fees claimed are excessive. In addition, Defendant contends that Plaintiff's counsel's hourly rate of $500, as well as the hourly rates of his administrative assistant ($100) and research attorney ($300), are excessive. Defendant objects to the time Plaintiff's counsel spent preparing and serving a motion to appear pro hac vice (1.2 hours) and questions the time spent working on the case before a complaint was filed. Finally, Defendant notes that Plaintiff's attorney claims 32 hours for trial preparation, and the trial only lasted 6 hours. The Court finds Defendant's objections to be without merit.

Defendant requests a downward adjustment of the total fees and costs Plaintiff incurred prosecuting this lawsuit, contending the amount requested is excessive when compared with the relatively limited amount of damages recovered. However, the amount of the damage award says nothing about the amount of work Plaintiff's counsel was required to expend enforcing his client's

rights in this case. Defendant disputed the claim and vigorously defended the lawsuit. This case was fully litigated through a denial of Plaintiff's motion for summary judgment and a bench trial. After considering the relationship between the amount of the fee requested and the results obtained, the Court finds no cause for adjustment. Upon review of the evidence, the Court also finds the hourly rates claimed by Plaintiff's counsel are reasonable under the circumstances and that the total hours claimed were reasonably expended prosecuting this case.

For the reasons stated above, Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 34) should be and here by is **GRANTED**. Plaintiff is awarded $27,222.08 in attorney's fees and costs.

**IT IS SO ORDERED**, this 16th day of September 2019.

/s/ *Robert T. Dawson*
**ROBERT T. DAWSON**
**SENIOR U. S. DISTRICT JUDGE**